IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald J. Van Hoorelbeke, | C/A No. 0:08-3869-CMC-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| United States of America;<br>Warden of FCI Edgefield;[1] | |
| Respondents. | |

Gerald J. Van Hoorelbeke ("Van Hoorelbeke"), a self-represented federal prisoner, filed this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 34.) By order filed March 23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 35.) Van Hoorelbeke filed a response in opposition to the respondents' motion, (Docket Entry 37), which is now before the court for a Report and Recommendation.

**BACKGROUND**

In August 1992, Van Hoorelbeke was convicted in the District of Nevada for various narcotics and firearms violations, including using or carrying a firearm during and in relation to a federal drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Indictment, Docket Entry 29-1; Respts.' Ret. at 1, Docket Entry 29 at 1.) Van Hoorelbeke's conviction and sentence were affirmed by the United States Court of Appeals for the Ninth Circuit on April 11, 1994. Van Hoorelbeke filed

---

[1]The court notes that a prisoner's custodian is the only proper respondent in a habeas action. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

a motion pursuant to 28 U.S.C. § 2255, which was denied by the district court. The Ninth Circuit affirmed. United States v. Van Hoorelbeke, 94 F.3d 654, 1996 WL 468588 (9th Cir. 1996) (Table).

Van Hoorelbeke is currently incarcerated at FCI Edgefield, a Bureau of Prisons facility, serving a 310-month federal sentence. (See Respts.' Ret. at 1, Docket Entry 29 at 1.) Van Hoorelbeke filed the instant Petition for Writ of Habeas Corpus on November 19, 2008 (Docket Entry 1) pursuant to 28 U.S.C. § 2241. In his Petition, Van Hoorelbeke raises the following issues:

- A. Whether or not under Watson v. U.S., 552 U.S. [74] (2007) & U.S. v. Sullivan, 455 F.3d 248 (4th Cir. 2006), Petitioner can lawfully be convicted of a 18 U.S.C. § 924(c) violation for giving a firearm to an undercover detective for him to hold for the duration of the predicate drug trafficking offense.

- B. How does Petitioner's act of allowing an untrusting undercover detective to take possession of a firearm for the duration of a drug deal constitute the "active employment" requirement of the "use and carry during and in retaliation to" offense of 18 U.S.C. § 924(c) as mandated in the U.S. Supreme Court case of Watson v. U.S., 552 U.S. [74] (2007) & the Fourth Circuit cases of U.S. v. Sullivan, 455 F.3d 248 (4th Cir. 2006) & U.S. v. Hadden, 475 F.3d 652 (4th Cir. 2007).

- C. Does Petitioner's use of a gun as a bartering device, instead of "use as a weapon" constitute "use" under § 924(c) as held in Watson v. U.S., [552 U.S. 74] (2007).

(Pet., Docket Entry 1 at 3.)

The underlying facts of Van Hoorelbeke's conviction, as presented by Van Hoorelbeke himself, are as follows. In the spring of 1992, Van Hoorelbeke was the subject of a reverse sting operation. An undercover detective posing as a potential drug purchaser met with Van Hoorelbeke "for the purpose of soliciting illegal drugs." (Pet., Docket Entry 1 at 7.) "During the drug deal, [the undercover officer] asked [Van Hoorelbeke] if he could hold [Van Hoorelbeke's] gun until after the

transaction was complete." (Id.) Van Hoorelbeke then handed the undercover officer the gun, which the officer returned "after the drug transaction had concluded."[2] (Id.)

**DISCUSSION**

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

---

[2]In his response to the Respondent's Return, Van Hoorelbeke attached a letter written by a law enforcement officer. (Petr.'s Resp. to Ret., Ex. 1, Docket Entry 37-1.) It is unclear whether this exhibit or similar evidence was introduced at trial, but the court observes that the document upon which Van Hoorelbeke relies in his response suggests that Van Hoorelbeke appeared at the drug buy in 1992 with two firearms, one of which he loaned to the undercover officer during the meeting for the planned drug purchase "to prove that the transaction was not going to be a 'rip.'" (See id. at 3.)

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Generally**

Generally, § 2241 is the "vehicle for challenging the execution, not the validity of the sentence." Atehortua v. Kindt, 951 F.2d 126, 130 (7th Cir. 1991); see also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). "[A] prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute . . . but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994); see also Bradshaw, 86 F.3d at 166 (stating that a "§ 2255 petition attacks the legality of detention"). Despite the fact that a § 2255 motion is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may nonetheless be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the requirements of what is frequently referred to as § 2255's "savings clause." See San-Miquel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002); Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). Significant to this case, a § 2255 motion is filed in the sentencing court, whereas "[a] habeas petition under § 2241 must . . . be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

The savings clause provides that a prisoner may file a petition for a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The United States Court of Appeals for the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. The petitioner has the burden to "affirmatively show" that the savings clause applies. Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005).

**C.     History of the Law Regarding 18 U.S.C. § 924(c)**

Van Hoorelbeke asserts that in light of Watson v. United States, 552 U.S. 74 (2007), he falls within the savings clause of 28 U.S.C. § 2255 and is entitled to habeas corpus relief with respect to his consecutive five-year sentence imposed pursuant to 18 U.S.C. § 924(c). To better understand Van Hoorelbeke's argument, a brief summary of the pertinent law relating to § 924(c) is helpful.

Section 924(c) of Title 18 of the United States Code imposes a mandatory consecutive sentence for "any person who, during and in relation to any . . . [federal] drug trafficking crime, uses or carries a firearm . . . ." 18 U.S.C. § 924(c)(1). In December of 1995 in the case of Bailey v. United States, 516 U.S. 137 (1995), the United States Supreme Court interpreted the word "use" in § 924(c) to exclude the mere possession of a firearm near the scene of drug trafficking and required "active employment of the firearm by the defendant, a use that makes the firearm an operative factor

in relation to the predicate offense." Watson, 552 U.S. at 76-77 (discussing Bailey v. United States, 516 U.S. 137 (1995)).³

In another case interpreting the word "use" in § 924(c), the Supreme Court prior to Bailey had held in Smith v. United States, 508 U.S. 223 (1993), that the exchange of a gun to obtain drugs constitutes "use" of a firearm in relation to a drug trafficking crime. Fourteen years later in 2007, the Supreme Court addressed the converse of that factual scenario and held that the exchange of drugs to obtain a gun does *not* constitute "use" of a firearm within the meaning of § 924(c). Watson, 552 U.S. at 79 (" 'A seller does not "use" a buyer's consideration' . . . .") (quoting United States v. Westmoreland, 122 F.3d 431, 436 (7th Cir. 1997)).

It is the Watson case upon which Van Hoorelbeke principally relies to invoke the savings clause of 28 U.S.C. § 2255. Van Hoorelbeke also cites in his Petition two decisions of the United States Court of Appeals for the Fourth Circuit: United States v. Hadden, 475 F.3d 652 (4th Cir. 2007) and United States v. Sullivan, 455 F.3d 248 (4th Cir. 2006). (See Pet., Docket Entry 1 at 2.) Since Van Hoorelbeke was convicted in the Ninth Circuit, however, any alleged change in the substantive law of the Fourth Circuit cannot avail him. See Chaney v. O'Brien, C/A No. 7:07CV00121, 2007 WL 1189641 (W.D. Va. Apr. 23, 2007) (holding that in applying the second prong of the Jones test "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted"); Gordon v. Conley, C/A No. 5:99-0204, 2000 WL 34240482 (S.D.W. Va. June 30, 2000) (" '[C]hange in law' is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is

---

³In response to Bailey, Congress in 1998 amended § 924(c) to add a provision criminalizing the possession of a firearm in furtherance of a federal drug trafficking crime. Criminal Use of Guns, Pub. L. No. 105-386, § 1(a), 112 Stat. 3469 (Nov. 13, 1998); Watson, 552 U.S. at 77 n.3 (discussing the 1998 amendment). This amendment did not affect the "use and carry" prong of § 924(c). See Watson, 552 U.S. at 77 n.3.

incarcerated . . . ."). In any event, Van Hoorelbeke appears to rely on Hadden merely for the procedural contention that an unlawful conviction must be vacated, an assertion that presupposes the applicability of Watson. To the extent that Van Hoorelbeke relies on Sullivan, that case is inapplicable because it addresses the "possession in furtherance of" prong of § 924(c)(1), under which Van Hoorelbeke was not charged or convicted.

**D.     Application of Watson to Van Hoorelbeke's Petition**

Here, the Respondent acknowledges that if Watson applies to Van Hoorelbeke's § 924(c) conviction, then the instant Petition would fall within the savings clause pursuant to Jones. (Respts.' Ret., Docket Entry 29 at 3.) The court finds, however, that Van Hoorelbeke cannot establish the second element required to invoke the savings clause, as he cannot show that subsequent to his direct appeal and first § 2255 motion, the substantive law that applies in the Ninth Circuit changed such that the conduct of which he was convicted is deemed not to be criminal.

First, although the Supreme Court's Watson decision upon which Van Hoorelbeke relies was in fact rendered after the resolution of his direct appeal and his § 2255 motion, that case does not avail Van Hoorelbeke. Watson addressed a set of facts vastly different from the one presented here. While the Watson Court was confronted with a barter of drugs for firearms, the facts upon which Van Hoorelbeke's conviction rests involve a run-of-the-mill drug transaction where the potential seller appears at the arranged meeting with a firearm. This is precisely the type of conduct that falls within the meaning of § 924(c)(1)(A)'s "use or carry" prong. See Muscarello v. United States, 524 U.S. 125, 136 (1999) ("[924(c)] imposes a mandatory sentence upon one who, say, brings a weapon with him (on his person or in his car) to the site of a drug sale.").

Second, although Van Hoorelbeke purports to rely on Watson, the gist of his argument is that the mere presence of a firearm in an area where a criminal act occurs is not sufficient to impose

the mandatory sentence required by § 924(c). (Pet., Docket Entry 1 at 9-12.) Thus, his argument actually rests on Bailey v. United States, 516 U.S. 137 (1995). Bailey, however, was decided in 1995, before the Ninth Circuit affirmed the denial of Van Hoorelbeke's first § 2255 motion. See United States v. Van Hoorelbeke, 94 F.3d 654, 1996 WL 468588 (9th Cir. 1996) (Table), cert. denied, 519 U.S. 985 (1996). Accordingly, despite his assertion otherwise, he does not truly rely on a substantive change in the law subsequent to his appeal and § 2255 motion.[4]

## RECOMMENDATION

At the time of Van Hoorelbeke's conviction, § 924(c) proscribed the use or carrying of a firearm during and in relation to any federal drug trafficking crime. Van Hoorelbeke's conduct is no less criminal following the holding of Watson than it was in 1992. Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 34) be granted and that Van Hoorelbeke's Petition for a writ of habeas corpus be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 15, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] Van Hoorelbeke implicitly recognizes this when he asserts that in Watson the Supreme Court held "once more" that the mere possession of a firearm does not amount to "use." (Docket Entry 1 at 8.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).